UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARRELL FUQUA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-cv-385 |
| ) | (Phillips/Shirley) |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for voluntary dismissal without prejudice [Doc. 13]. Defendant has responded in opposition [Doc. 14]. For the reasons that follow, plaintiff's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff commenced this action under the Federal Employers' Liability Act ("FELA") on October 9, 2007. On November 26, 2007, defendant Norfolk Southern Railway Company answered the complaint. Since that time, this court entered an order permitting defendant access to plaintiff's medical reports and records and accompanying bills and other documents [Doc. 11], and plaintiff and defendant each appear to have served the opposing party with discovery requests. [See Doc. 12; Doc. 14 at 1].

-1-

## II. ANALYSIS

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, "Except as provided in Rule 41(a)(1), an action may be dismissed by the plaintiff's request only by court order, on terms that the court considers proper." As defendant has already answered plaintiff's complaint, this rule applies to this action. *See* Fed. R. Civ. Pro. 41(a)(1)(A)(ii) ("[T]he plaintiff may dismiss an action without a court order by filing ... a notice of dismissal before the party serves either an answer or a motion for summary judgment ....").

The decision whether to grant dismissal "under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover ex rel. Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1991); *accord, e.g.*, *Rosenthal v. Bridestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007); *Maldonado v. Thomas M. Cooley Law School*, 65 F. App's 955, 956 (6th Cir. 2003). In determining whether to grant dismissal, the court considers whether the defendant would suffer "plain legal prejudice" as a result of the dismissal without prejudice. *Grover*, 33 F.3d at 718. Several factors aid the court in determining whether defendant will suffer such prejudice, including "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* "[T]he mere prospect of a second lawsuit," however, does not constitute "plain legal prejudice." *Id.*

After considering each of these factors, the court finds that defendant will not suffer "plain legal prejudice" in the event of dismissal. Defendant concedes that plaintiff has not demonstrated a lack of diligence in prosecuting the action, [*see* Doc. 14 at 2], and defendant has not filed a motion for summary judgment at this time. With regard to the

remaining factors, the proceedings are in a preliminary stage, as discovery has just begun, and plaintiff has conceded that any discovery accomplished by defendant can be used in any subsequent litigation. *See, e.g.*,*Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (per curiam) (preliminary discovery did not constitute "plain legal prejudice" as plaintiff did "not object in any subsequent action to the utilization of evidence discovered in this case"). Furthermore, the court has yet to issue a scheduling order in this case imposing deadlines for discovery and setting the matter for trial.

Defendant primarily argues, however, that plaintiff has failed to provide a sufficient explanation as to why voluntary dismissal is needed. Defendant submits that it is "very clear that Plaintiff, through counsel, proposes to re-file this lawsuit in Chattanooga," presumably because it is perceived as a plaintiff-friendly forum. [Doc. 14 at 2]. This, however, is not proper grounds for this court to deny plaintiff's motion. The court first notes that defendant's argument is purely speculative. Yet even were this court to accept defendant's contention that "plaintiff[] voluntarily dismissed this action in order to gain a tactical advantage ... such a motivation does not necessarily constitute plain legal prejudice." *Rosenthal*, 217 F. App'x at 502; *see also, e.g.*, *Davis v. USX Corp.*, 819 F.2d 1270, 1275 (4th Cir. 1987) ("[T]he possibility that the plaintiff will gain a tacitcal advantage over the defendant in future litigation will not serve to bar a second suit."); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) ("Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage.").

In sum, having considered the applicable factors, the court determines that defendant will not suffer plain legal prejudice by the dismissal of this action without

prejudice. Accordingly, plaintiff's motion is granted.

**III. CONCLUSION**

Because defendant will not suffer plain legal prejudice upon dismissal, plaintiff's motion for voluntary dismissal without prejudice [Doc. 13] is **GRANTED**, whereby the action is **DISMISSED** without prejudice as to refiling.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge